## Case No. 9,130.

### MARSHALL v. PIERREZ.

[9 Ben. 39.] [1]

District Court, E. D. New York. Feb., 1877.

SHIPPING—CHARTER—JURISDICTION—DAMAGES ON CONTRACT.

Where a libel in personam was filed to recover damages on a contract for the use of a steamboat for two excursion trips, from the city of New York to Sandy Hook light and return, and a motion was made to dismiss the libel for want of jurisdiction: *Held*, that the contract set forth had all the legal characteristics of a charter-party, and was a maritime contract within the jurisdiction of the admiralty. The cases of The William Fletcher [Case No. 17,692] and The Druid, 1 W. Rob. Adm. 391, considered and distinguished.

[Cited in Wenberg v. Cargo of Mineral Phosphate, 15 Fed. 286.]

[This was a suit by William H. Marshall against Gustavus Pierrez for nonperformance of contract.]

A contract was made in August, 1870, between parties engaged in the business of getting up pleasure excursions for passengers, and the owner of the steamboat Minnie R. Childs, for two excursions from New York to the light-ship beyond Sandy Hook and back, for $125 for each trip, the charterers to have all the receipts from passengers, and the owner to pay the running expenses of the boat. The excursion was duly advertised and prepared for, many passengers gathered at different landings, but the boat did not come at all. The charterers thereupon commenced an action in personam, claiming $1,500 damages for breach of the contract as a charter-party. The contract was verbal, and the answer averred that the negotiations had were only preliminary and that no contract was in fact ever made.

W. H. McDougall and J. J. Allen, for libellant.

H. M. Whitbeck, for respondent.

BENEDICT, District Judge. This is an action in personam brought to recover of the defendant damages for the non-performance of a contract. The libel avers that on the 8th of August, 1876, the defendant, being the owner of the steamboat Minnie R. Childs, agreed with the libellant to charter that boat to the libellant for two voyages from the city of New York to the light-ship outside of Sandy Hook, in the Atlantic Ocean, and back, to carry therein for the libellants a cargo of passengers, for the sum of $125 for each voyage; that the libellants were at all times ready and willing to perform their said agreement on their part, and entered upon the performance thereof by providing for the cargo required; but the defendant

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

wholly refused to perform it on his part, and without cause declined to perform the voyages as agreed, whereby the libellant sustained damage to the amount of $1,500.

A motion has been made to dismiss this libel for the purpose of raising at the outset an objection to the jurisdiction of the admiralty to entertain such an action. In behalf of the defendant it is contended that the facts averred do not constitute a cause of action cognizable in a court of admiralty, and reference is made to the case of O'Brien v. The William Fletcher,—decided by Judge Blatchford, Nov. 14, 1876 [Case No. 7,692], —as a case exactly similar to this, where the libel was dismissed. But the advocate has not observed the distinction existing between an action in rem to enforce a lien upon a vessel and an action in personam to recover damages for the breach of a maritime contract.

The case of The William Fletcher [supra] was an action in rem, and the question determined was a question of lien. In respect to the question of lien, the law as now settled is that in the absence of a special agreement that the vessel shall be hypothecated as security for the performance of the contract, no lien upon the ship arises out of a contract to transport cargo in her, when no cargo is received by the ship and the voyage is never commenced.

This is an action in personam to recover a personal judgment against the defendant for the damages arising out of a breach of contract. The contract set forth is an explicit and complete contract in regard to the performance of two definite voyages by the boat of the defendant, at a definite time, for a definite sum of money. Such a contract has all the legal characteristics of a charter of the vessel and is a maritime contract. As such it furnishes a subject matter within the jurisdiction of the admiralty. The case of Quirk v. Clinton [Case No. 11,518] decided by Judge Betts, and affirmed on appeal by Judge Nelson, was a case similar in principle to the case before the court, and is authority to support this libel. The remark of the court in the case of The Druid, 1 W. Rob. Adm. 391, to the effect that no responsibility can attach upon the owner of a ship if the ship is exempt,—a remark afterwards stated by the judge who made it to be "in the nature of an obiter dictum" (The Bold Buccleugh, 2 Eng. Law & Eq. 540),—if to be understood as of general application, has not been considered to be in harmony with the maritime law of the United States (The Freeman, 18 How. [59 U. S.] 189; 1 Pars. Shipp. p. 174, note), and indeed has not been referred to by the defendant as authority in support of the objection taken to this libel. I am therefore of the opinion that the jurisdiction of the court to entertain this action is complete.